UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
UNITED STATES OF AMERICA            :
                                    :   Crim. No. 14-050 (NLH)
    v.                              :
                                    :
SHAAMEL SPENCER,                    :
                                    :   **OPINION**
                                    :
        Defendant.                  :
_____:

**APPEARANCES**:

SHAAMEL SPENCER
# 65119-050
FCI FORT DIX
P.O. BOX 2000
JOINT BASE MDL, NJ 08640

    *Pro Se*

PATRICK C. ASKIN
OFFICE OF THE US ATTORNEY
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

    *Counsel for the United States*

**Hillman**, **District Judge**

Before the Court is Shaamel Spencer's ("Defendant") Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (ECF 1050).  For the reasons expressed below, Defendant's motion will be denied.

**Background**

On April 14, 2014, Defendant pleaded guilty to one count of knowingly and intentionally conspiring to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 860, as well as one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (See ECF 246).  Thereafter, on July 22, 2014, the late Honorable Joseph E. Irenas sentenced Defendant to a term of imprisonment of 151 months and an 8-year term of supervised release.  (Id.)  Defendant's release date is projected to be November 3, 2023.[1]

Defendant filed the instant pro se motion for compassionate release on December 17, 2020.  (ECF 1050).  The Government filed a letter in opposition on July 19, 2022.  (ECF 1147).  The Court considers Defendant's motions against this factual backdrop.

**Legal Standard**

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'"  United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)).  Before bringing a motion for reduced sentence before the sentencing court,

---

[1] FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited July 20, 2022).

defendants first "must ask the Bureau of Prisons to do so on their behalf, give the BOP thirty days to respond, and exhaust any available administrative appeals." Id. "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Sellers, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(C)(1)(A)); see also Raia, 954 F.3d at 595.

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if after finding extraordinary and compelling reasons warrant a reduction, that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission and that the applicable sentencing factors under § 3553(a) warrant a reduction. United States v. Pabon, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020).

**Discussion**

1. **Defendant has satisfied the exhaustion requirements**

Defendant applied to the BOP for release and his request was denied on August 17, 2020. (ECF 1050 at 54). The Government concedes that Defendant has exhausted his

administrative remedies. (ECF 1147 at 2-3).  Thus, the Court deems that threshold requirement satisfied.

2. **Defendant fails to establish "extraordinary and compelling" reasons for his release**

Defendant argues that his need to provide care for his daughter because she does not have a caretaker, his rehabilitation efforts and the COVID-19 pandemic in the context of the BOP's failure to curb the spread of the virus constitute "extraordinary and compelling reasons" justifying his release. (ECF 1050 at 22).  With respect to his first point, Defendant recounts that his daughter was removed from the custody of her mother due to evidence of his daughter having been sexually assaulted and that his daughter's maternal grandmother has been caring for his daughter for the past several years.  (Id. at 2-5).  He notes that his daughter was recently hospitalized for a suicide attempt and that that attempt shows that she is not receiving adequate care from her maternal grandmother.  (Id.) Separately, in support of his other points, Defendant attaches various educational and self-improvement certificates that he has earned during his incarceration as evidence of his rehabilitation, and cites statistics regarding the BOP's management of the pandemic.  (Id. at 23-28, 48-50).

The Government opposes Defendant's motion and contends that Defendant has not met his burden to show "extraordinary and

4

compelling reasons" justifying his release. They argue that Defendant has not shown that his daughter's maternal grandmother is unable to, or an inappropriate person, to care for his daughter. (ECF 1147 at 15). They also argue that Defendant has not shown that there is no alternative caregiver available for his daughter or that if he were released, he would be likely to be awarded primary custody of his daughter in any event. (Id.)

In addition, Defendant's rehabilitation efforts, according to the Government, are laudable, but are not sufficient to justify his early release. (Id. at 17). They further state that the fact that Defendant has previously recovered from COVID-19 and that he is fully vaccinated militate against granting his motion. (Id. at 10-13).

The Government separately underscores the efforts that the BOP has made to curb the spread of the virus, the efficacy of the available vaccines, and the current low infection rates in prisons to rebut Defendant's proffer of "extraordinary and compelling reasons." (Id.)

The applicable guidance from the Sentencing Commission for Defendant's argument regarding caring for his daughter falls under Comment 1 under § 1B1.13 of the guidelines. U.S.S.G. § 1B1.13, cmt. n.1(C).[2]  According to the Comment, applicable

---

[2] While the Court looks to § 1B1.13 as directed to by the statute, it is not, standing alone, a determinative factor in

5

family circumstances include "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id.

Courts in the Third Circuit have underscored that for a defendant to prevail on the basis of a need to be released to care for a minor child, the defendant must show that there is no caregiver besides the defendant able to care for the child and that the defendant would be likely to be awarded custody of the child. United States v. Corbin, No. CR 11-206, 2022 WL 1291470, at *4 (W.D. Pa. Apr. 29, 2022) ("While, as noted, the Commission's policy statement does state that the need to provide care to minor children can provide the extraordinary and compelling reasons justifying compassionate release, courts have found that a defendant must demonstrate suitability to become a caregiver in order to show that release is warranted on this basis."); United States v. Helm, No. CR 19-00077-CFC, 2022 WL

---

light of a lack of quorum which has prevented the Sentencing Commission from updating § 1B1.13 in response to the First Step Act. That said, the Third Circuit has approved a district court's consideration of § 1B1.13 when it comes to evaluating motions for compassionate release filed by prisoners. United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021), cert. denied, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022) ("The court correctly recognized that although the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons.").

6

613689, at *5 (D. Del. Mar. 2, 2022) ("Helm provides no evidence that his mother-in-law's condition has or would likely render her incapable of being the caregiver for Helm's daughter. . . . Thus, Helm has not established that, even if his daughter's current caregivers were unable to care for the child, Helm would be able to do so."). While his daughter's difficulties are alarming and the Court expresses its concern for her well-being, Defendant has not identified any nexus between his daughter's suicide attempt and her maternal grandmother's fitness to act as a guardian. He also has not addressed the likelihood that he would be awarded primary custody of his daughter if released. Therefore, the Court does not deem Defendant's daughter's situation an "extraordinary and compelling reason" justifying his release.

Defendant's other bases for release relate to the COVID-19 pandemic. With respect to medical conditions that could constitute "extraordinary and compelling reasons" justifying release, the applicable guidance from the Sentencing Commission also falls under Comment 1 under § 1B1.13 of the guidelines. U.S.S.G. § 1B1.13, cmt. n.1(A). Defendant has not cited a single medical condition that puts him at a higher risk of COVID-19 complications. (ECF 1050). Thus, the Court cannot say that Defendant suffers from medical conditions that fall into the same categories as "metastatic solid-tumor cancer,

7

amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia[,]" examples offered by the Sentencing Commission of the types of illnesses that might constitute "extraordinary and compelling circumstances." U.S.S.G. § 1B1.13, cmt. n.1(A).[3]

It also cannot say that Defendant suffers from conditions that substantially "diminish[] the ability of [Defendant] to provide self-care within the environment of a correctional facility and from which he...is not expected to recover." Id. Again, without any indication by Defendant of a medical

---

[3] Though Defendant does not raise this ground in his motion, the Government independently notes that Defendant has a body mass index of 30.3. (ECF 1147 at 10). The Centers for Disease Control and Prevention (the "CDC") has recognized that obesity, which represents a body mass index greater than 30, is a risk factor associated with COVID-19. CENTERS FOR DISEASE CONTROL AND PREVENTION, COVID-19, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 20, 2022). Despite that recognition by the CDC, courts have held that the mere fact that a defendant has a condition listed as a risk factor by the CDC is not enough to warrant compassionate release. United States v. Hicks, No. 20-3512, 2021 WL 4316829, at *1 (3d Cir. Sept. 23, 2021) (affirming district court's conclusion that obesity was not an "extraordinary and compelling reason" justifying release); United States v. DeJesus, No. CR 93-00536 (RBK), 2022 WL 2619852, at *4 (D.N.J. July 7, 2022) ("Though hypertension, diabetes, and obesity may raise the risk of severe illness due to COVID-19, courts have consistently found that the fact that an inmate may be at heightened risk from COVID-19 due to hypertension, diabetes, and/or obesity is insufficient, without more, to constitute an 'extraordinary and compelling' reason warranting compassionate release[.]") (internal citations omitted).

condition that he has, let alone one that he cannot manage in jail, the Court finds granting compassionate release on this basis would not be appropriate.[4]  Indeed, it appears that Defendant has contracted COVID-19 and fully recovered. (ECF 1147 at 12-13).  Also, Defendant has now been fully vaccinated against COVID-19 in addition to any natural immunity.  (ECF 1147 at 11-13).

Further, FCI Fort Dix, where Defendant is housed, has mitigation efforts at controlling the spread of the coronavirus that appear to be effective.  Currently, FCI Fort Dix has no active inmate cases and four staff positive tests.[5]  Over the course of the pandemic, two inmates have died as a result of infection by COVID-19, and 1,451 inmates have recovered from positive infections.[6]  Id.

---

[4] Separately, despite Defendant's argument that his rehabilitation is an "extraordinary and compelling reason" justifying his release, this argument has been consistently rejected by courts as a standalone justification for release. United States v. Gordon, No. 22-1311, 2022 WL 2582547, at *1 (3d Cir. July 8, 2022) (citing 28 U.S.C. § 994(t) for the proposition that rehabilitation alone does not constitute an "extraordinary and compelling reason"); United States v. Augustin, No. 20-3609, 2021 WL 6059564, at *1 (3d Cir. Dec. 20, 2021) ("We see no abuse of discretion in the District Court's conclusion that Augustin's efforts at rehabilitation alone were not an extraordinary and compelling reason for release.").

[5] See FEDERAL BUREAU OF PRISONS, COVID-19 CORONAVIRUS COVID-19, https://www.bop.gov/coronavirus/ (last visited July 20, 2022).

[6] Id.

According to the BOP, 2,976 inmates out of a population of 3,162 at FCI Fort Dix have been fully vaccinated.[7][8] Given the well-established and accepted evidence that the available vaccines are both safe and effective, the Court believes that the vaccination rate inside FCI Fort Dix weighs against Defendant's request for relief.

After a review of the record as a whole, the Court finds that Defendant, who has not shown that he is unable to manage any health conditions at FCI Fort Dix, does not present "extraordinary and compelling reasons" supporting his release on the basis of his health.  He simply has not shown how he is at an increased risk of adverse health outcomes in the prison environment in light of COVID-19.

### 3. **The 3553(a) Factors Weigh Against Defendant's Favor**

Even if Defendant could "establish extraordinary and compelling reasons" for his release, the Court may reduce an inmate's sentence only if the applicable sentencing factors under § 3553(a) warrant a reduction.  Here, they do not.

Defendant principally argues that his rehabilitation efforts and the close relationship that he has with his family support his motion.  (ECF 1050 at 29-31).  He also states in a

---

[7] Id.

[8] FEDERAL BUREAU OF PRISONS, OUR LOCATIONS, https://www.bop.gov/locations/list.jsp (last visited July 20, 2022).

rather conclusory manner that he poses a low risk to public safety at this point. (Id.) He does not otherwise address how the calculus of the § 3553(a) factors has changed since his original sentencing. This argument does not tilt a full balancing of the § 3553(a) factors in his favor.

The Government argues the § 3553(a) factors weigh toward denying Defendant's motion. They note that he has a criminal record involving drug trafficking and use of a firearm dating back many years. (ECF 1147 at 16). They further argue that the seriousness and the complexity of the drug distribution scheme in which Defendant was involved, and his particular role as a violent enforcer in the organization, militate against release. (Id. at 17). They highlight that despite Defendant's multiple instances of conviction and incarceration he has a history of reoffending shortly after his release from custody. (Id. at 17-18).

The Court agrees with the Government and sees no reason to disturb the sentence previously imposed by Judge Irenas. As Judge Irenas noted at the time of sentencing, the size and sophistication of the drug distribution scheme that underlies Defendant's conviction shows the seriousness of Defendant's offense. 18 U.S.C. § 3553(a)(1); (ECF 948 at 77:2-10). Judge Irenas also noted that specific and general deterrence were key, given Defendant's history as a serial reoffender. 18 U.S.C. §

11

3553(a)(2)(B); (ECF 948 at 80:13-18). Finally, Judge Irenas considered the fact that Defendant would have access to rehabilitative programs while incarcerated. 18 U.S.C. § 3553(a)(2)(D); (ECF 948 at 80:19-22).

This Court also separately notes that reducing Defendant's sentence would result in an unwarranted sentencing disparity when compared to similarly situated defendants, particularly considering how Judge Irenas already varied two levels down from the guidelines calculation provided at sentencing. 18 U.S.C. § 3553(a)(6); (ECF 948 at 84:24-85:3). This Court also reiterates Judge Irenas' emphasis on the need for specific deterrence and to protect the public from further crimes of Defendant are still important factors given Defendant's long history of criminal activity. 18 U.S.C. § 3553(a)(2)(B) and (a)(2)(C).

In sum, neither Defendant's sentence nor the advent of COVID-19 changes the balance in Defendant's specific situation where he has not shown any "extraordinary and compelling reasons" justifying his release or that there has been a material difference in the § 3553(a) factors that animated the original sentence.

## Conclusion

For the reasons set forth above, Defendant's Motion for Compassionate Release (ECF 1050) will be denied.

An accompanying Order will issue.

```
Dated: July 21, 2022            s/   Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.
```